# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

Lyle W. Cayce
Clerk

No. 12-40769
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO IVAN RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1599-9

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Osvaldo Ivan Rodriguez pleaded guilty to conspiracy to harbor, conceal, and shield from detection undocumented aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i). The district court imposed a within-guidelines sentence of 70 months of imprisonment and a three-year term of supervised release.

On appeal, Rodriguez claims that the district court erred in applying a two-level enhancement, pursuant to U.S.S.G. § 2L1.1(b)(4), for harboring a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minor alien, and a two-level enhancement, pursuant to U.S.S.G. § 3B1.1(c), based on his role in the offense. He also asserts that the district court, in addressing his objections to those enhancements, failed to conduct an evidentiary hearing under U.S.S.G. § 6A1.3 and Federal Rule of Criminal Procedure 32(i).

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). The district court's interpretation and application of the Guidelines are reviewed de novo, and its factual findings are reviewed for clear error. *Id.* at 472. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010) (internal quotation marks and citation omitted).

Rodriguez insists that there is no direct evidence that he knew that his co-conspirators were harboring a 14-year old alien and that there is insufficient reliable evidence from which the district court could have inferred that it was reasonably foreseeable that a minor alien would be among those being harbored. Direct knowledge is not required, however, for purposes of applying the enhancement. *See* U.S.S.G. § 1B1.3(a)(1)(B). Moreover, the facts set forth in the Presentence Investigation Report (PSR), which the district court adopted, reflect that, among the aliens being harbored by Rodriguez's co-conspirators, was a minor alien who was not accompanied by a parent or grandparent. Rodriguez did not dispute those facts or present any evidence to rebut the district court's finding that the alien-smuggling operation was not restricted by age or that minors are frequently smuggled. His "[m]ere objections do not suffice as competent rebuttal evidence." *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). Thus, the district court did not clearly err in determining that it was reasonably foreseeable that a minor alien would be among those harbored.

Rodriguez also contends that the district court erred in adjusting the level under § 3B1.1(c), based on his role in the offense. At sentencing, he claimed that the facts did not support a three-level adjustment, as recommended in the PSR, but supported, at most, a two-level enhancement.

The parties disagree about whether Rodriguez preserved this issue or that it has been waived or forfeited. We need not resolve this dispute, however, because even if the challenge was not waived or forfeited, Rodriguez cannot demonstrate that the district court committed any error, plain or otherwise, in imposing the adjustment under § 3B1.1(c).

To qualify for an adjustment under § 3B1.1, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. § 3B1.1 comment. (n.2). Evidence that the defendant supervised only one other culpable participant is sufficient for purposes of the enhancement. *See United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001).

Although the district court did not adopt the PSR's finding that the facts warranted a three-level adjustment based on Rodriguez's role in the offense, the record reflects that the district court did find that the facts were sufficient to show that Rodriguez received some profit and was a supervisor of at least one person, which Rodriguez conceded during sentencing. The district court's findings are plausible in light of the record as a whole. *See Harris*, 597 F.3d at 250. Accordingly, Rodriguez has failed to show that the district court erred in applying the § 3B1.1(c) adjustment.

Finally, Rodriguez's assertion that the district court erred in failing to conduct the sentencing hearing in accordance with Federal Rule of Criminal Procedure 32(i) and § 6A1.3 of the Guidelines is refuted by the record. At sentencing, Rodriguez confirmed that he had read and reviewed the PSR and had discussed it with his attorney; the district court heard arguments from both parties regarding the application of the sentencing enhancements; and the district gave reasons for applying the enhancements.

To summarize, Rodriguez has failed to show that the district court committed any procedural error and has failed to rebut the presumption of reasonableness accorded to his properly calculated, within-guidelines sentence. S*ee United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) ("A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."); *see also United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting showing required to rebut the presumption). Accordingly, the judgment of the district court is

 AFFIRMED.