# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41175
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee

v.

EDUARDO LUIS POMPA, also known as Lalo,

                              Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-129-3

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eduardo Luis Pompa challenges his sentence of 63 months' imprisonment, imposed following his jury-trial conviction for conspiracy to transport undocumented aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (A)(iii), (A)(v)(I), & (B)(iii). Pompa presents two issues, the first being whether the district court committed clear error in failing to decrease his offense level pursuant to a minor-role adjustment, under

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Sentencing Guideline § 3B1.2(b) because he was substantially less culpable than other members of the smuggling conspiracy. U.S.S.G. § 3B1.2, cmt. 3(A).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Guideline § 3B1.2(b) provides for a two-level reduction of defendant's offense level if the court finds defendant met his burden of showing, by a preponderance of the evidence, he was a minor participant, meaning he was "substantially less culpable than the average participant in the criminal activity". U.S.S.G. § 3B1.2, cmt. 3A. Whether defendant was a minor participant is a factual finding, and, therefore, reviewed for clear error, as provided above. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation omitted).

Pompa contends the court erred in relying solely on the importance of his role as a "scout" and in not considering other factors listed in the commentary to Guideline § 3B1.2, in violation of this court's opinion in *Sanchez-Villarreal*. His reliance on *Sanchez-Villarreal* is misplaced because the district court in that case relied solely on the essential nature of

defendant's role and apparently had no further evidence regarding culpability. *Id.* at 722.

Here, the court presided over Pompa's trial and adopted findings in the presentence investigation report (PSR) that reflected Pompa's role and participation in the smuggling conspiracy and also the roles of his coconspirators. In the light of the court's knowledge of facts establishing Pompa's role and the role of the others involved in the criminal activity, it can be inferred the court considered Pompa's culpability in relation to the other defendants. *See United States v. Gomez-Valle*, 828 F.3d 324, 330–31 (5th Cir. 2016). The record shows finding Pompa was not substantially less culpable than the average participant was plausible, and, therefore, not clearly erroneous. *Sanchez-Villarreal*, 857 F.3d at 721.

Next, Pompa claims the court erred in imposing a two-level enhancement for harboring an unaccompanied minor. U.S.S.G. § 2L1.1(b)(4). Pompa concedes: he did not preserve this issue in district court; and, therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* For the following reasons, Pompa fails to demonstrate the court committed the requisite clear or obvious error in making the adjustment pursuant to Guideline § 2L1.1(b)(4). *Id.*

As an initial matter, "questions of fact capable of resolution in the district court can never constitute plain error". *United States v. Illies,* 805 F.3d 607, 609 (5th Cir. 2015) (internal quotations omitted). In any event, the

enhancement is supported by the record.  *See United States v. Rodriguez*, 525 F. App'x 268, 269–70 (5th Cir. 2013).

Law-enforcement agents identified 115 undocumented aliens in a stash house, ranging from 12 to over 50 years-of-age.  The PSR placed Pompa on notice he was being held accountable for harboring minor children unaccompanied by adults, and he failed to present any evidence to dispute that finding.  *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014).  Moreover, even assuming he was unaware of the children's presence, the court could infer it was reasonably foreseeable to Pompa that an unaccompanied minor alien would be among those harbored during the extensive smuggling operation.  U.S.S.G. § 1B1.3(a)(1)(B).

AFFIRMED.