# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

Lyle W. Cayce
Clerk

No. 09-20636
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KOLEOWO ADEYEMI ADESOYE, also known as Koleowo Adeyemi Okuwa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-735-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Koleowo Adeyemi Adesoye appeals his guilty plea conviction and sentence for five counts of bank fraud and one count of aggravated identity theft. Adesoye argues that (1) the Government breached the proffer agreement executed by the parties; (2) the district court erred by using proffered information to enhance his sentence; (3) because the Government breached the proffer agreement, he should be allowed to withdraw his guilty plea; (4) the district court erred in denying him a three-level reduction in his offense level for "acceptance of responsibility;" and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5) the factual basis to which he pleaded guilty was insufficient to convict him of aggravated identity theft because the Government did not prove that he knew that "the means of identification at issue belonged to another person."

### Breach of the proffer agreement

Adesoye's argument that the Government breached the proffer agreement because it used proffered information regarding intended loss amounts to increase his sentence, pursuant to U.S.S.G. § 2B1.1(b)(1)(K), is without merit. The proffer agreement provides that the Government will not use proffered information directly against Adesoye in any criminal case emerging from the investigation and that it will comply with application note 1 of § 1B1.8, which prohibits the use of proffered information to determine Adesoye's guidelines range.

Because Adesoye did not raise a claim in the district court that the Government breached the proffer agreement, our review is for plain error. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005). To demonstrate plain error, Adesoye must make a four-pronged showing: 1) there must be a deviation from a legal rule that was not intentionally abandoned or affirmatively waived by the appellant; 2) the legal error was clear or obvious, i.e., not subject to reasonable dispute; 3) the error affected his substantial rights; and 4) if the first three prongs are satisfied, this court has the discretion to correct the error only if it seriously affects "the fairness, integrity or public reputation of judicial proceedings." *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Adesoye must prove by a preponderance of the evidence that the Government breached the agreement. *See United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (breach of a plea agreement); *United States v. Cantu*, 185 F.3d 298, 302 (5th Cir. 1999) (breach of a cooperation agreement providing use immunity for defendant who provided incriminating evidence regarding others in exchange for a lesser sentence); *United States v. Castaneda*, 162 F.3d 832, 836 (5th Cir. 1998) (breach of a nonprosecution agreement).

Section 1B1.8(a) provides that when a defendant agrees to provide information concerning the unlawful activities of others, and "as part of that cooperation agreement the [G]overnment agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement." *See United States v. Anderson*, 70 F.3d 353, 355 (5th Cir. 1995); *United States v. Marsh*, 963 F.2d 72, 74 (5th Cir. 1992).

Adesoye cannot establish plain error because he has failed to prove by a preponderance of the evidence that the Government breached the proffer agreement. That is, because the proffer agreement does not contain a provision that requires Adesoye to provide information regarding his co-conspirators, he has not shown that § 1B1.8 necessarily applies to the proffer agreement. *See* § 1B1.8, comment. (n.6). Moreover, he has failed to prove that he provided the loss information that was used to determine his guidelines range during a debriefing session that was held subject to the proffer agreement. *See* § 1B1.8(a); *see also United States v. Charon*, 442 F.3d 881, 890 (5th Cir. 2006). Finally, Adesoye has not shown that his substantial rights have been affected because he only alleges rather than shows that his sentence would be significantly reduced if the disputed loss information was not used to determine his guidelines range; thus, he has not shown a reasonable probability that, but for the alleged error, he would have received a lesser sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

**The district court's reliance on the intended loss information**

Relatedly, Adesoye asserts that the district court impermissibly used the intended loss information that he provided during debriefing to enhance his sentence. Because Adesoye did not object on this basis in the district court, we

review for plain error. *Puckett*, 129 S. Ct. at 1429. For the same reasons given above, Adesoye has failed to overcome plain-error review of this issue.

## Withdrawal of guilty plea

Next, Adesoye argues that he should be allowed to withdraw his guilty plea because the Government breached the proffer agreement. Because Adesoye did not attempt to withdraw his guilty plea in the district court, review is for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To prevail, Adesoye "'must show a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Castro-Trevino*, 464 F.3d 536, 541 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

Adesoye cannot carry his burden because, as previously discussed, he has not shown that the Government breached the proffer agreement. Additionally, Adesoye has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *Castro-Trevino*, 464 F.3d at 541. Thus, Adesoye's request to withdraw his guilty plea is denied.

## "Acceptance of responsibility"

Adesoye argues that he should have been awarded a three-level adjustment for "acceptance of responsibility" because he accepted responsibility for his offense and debriefed truthfully. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for an abuse of discretion. *Gall*, 552 U.S. at 51. This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

4

Section 3E1.1(a) provides "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." § 3E1.1(a).  The defendant bears the burden of demonstrating that he is entitled to a reduction under § 3E1.1. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990).  Deferring to the district court's unique position, this court examines the denial of a reduction for acceptance of responsibility "under a standard of review even more deferential than a pure 'clearly erroneous' standard." *United States v. Outlaw*, 319 F.3d 701, 705 (5th Cir. 2003) (internal quotation and citation omitted).  This court "will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

The district court's finding that Adesoye falsely denied and frivolously contested his relevant conduct is not clearly erroneous, and its denial of a reduction for acceptance of responsibility is not without foundation. *See Solis*, 299 F.3d at 458.  Adesoye accepted responsibility for the five fraudulent transactions for which he was indicted; however, he attempted to minimize his conduct by denying that he fraudulently accessed bank accounts at other times, denying that he had possession of thousands of pieces of stolen mail, and denying "relevant conduct," and those denials are inconsistent with the voluminous evidence found in his house.  Therefore, the district court did not clearly err in denying him a reduction in his offense level for acceptance of responsibility. *See United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003).

## Factual basis

Adesoye's argument that the factual basis was insufficient to support his guilty plea is without merit.  He specifically argues that the Government failed to prove that he knew that the names, dates of birth, and social security numbers of his victims belonged to real persons.  Adesoye failed to object in the

5

district court on these grounds. Therefore, our review is limited to plain error. *See United States v. Marek,* 238 F.3d 310, 315 (5th Cir. 2001) (en banc).

Before accepting a guilty plea, the district court must determine that the conduct admitted by the defendant "is sufficient as a matter of law to constitute a violation of the statute." *Id.* at 314 (emphasis omitted); FED. R. CRIM. P. 11(b)(3). This court compares the defendant's admissions with the elements of the offense. *Marek*, 238 F.3d at 314-15. "[I]nferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing." *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. ), *cert. denied,* 129 S. Ct. 437 (2008).

To establish aggravated identity theft, the Government must prove that Adesoye (1) knowingly used (2) the "means of identification" belonging to another person (3) without lawful authority (4) during and in relation to a violation of bank fraud. *See* § 1028A; *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009) (citing *Flores-Figueroa*, 129 S. Ct. at 1888).

While nothing in the record explicitly states that Adesoye knew that his victims were real persons, the evidence was sufficient for the district court to fairly draw that inference. *See Hildenbrand*, 527 F.3d at 475. Adesoye admitted in the factual basis that he "used without lawful authority a means of identification of another person." Moreover, he admitted that he "accessed and changed the contact and other important information of numerous Schwab customer accounts by using the name, Social Security number, and birth dates of the account holders." He admitted that he fraudulently wired money from the victims' accounts into other accounts by impersonating the victim. Finally, Adesoye admitted that he knew that the social security numbers were "somebody else's" and that he "used the stolen identities in order to execute the bank fraud in each of these five instances." Because it can be reasonably inferred that Adesoye knew he unlawfully possessed or used the means of identification of real

6

persons, he fails to show that the district court plainly erred. *See Marek*, 238 F.3d 310, 314-15; *Hildenbrand*, 527 F.3d at 475.

Accordingly, Adesoye's conviction and sentence are AFFIRMED. Adesoye's motion for leave to supplement the record with the proffer agreement is GRANTED.