# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2011

Lyle W. Cayce
Clerk

No. 10-40354
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR YZAGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-971-1

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Yzaguirre pleaded guilty to one charge of conspiring to possess more than 500 grams of methamphetamine with intent to distribute; the district court sentenced him to serve 324 months in prison and a five-year term of supervised release. This direct appeal raises several challenges to Yzaguirre's sentence. When analyzing such challenges, *Gall v. United States*, 552 U.S. 38, 51 (2007), instructs us to determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range is correct. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Under Yzaguirre's view, the district court clearly erred by concluding that he was a leader or organizer of the offense and by imposing a corresponding adjustment. The record includes evidence indicating that Yzaguirre acted as a leader or organizer of the conspiracy by exerting authority over others, that he ran the drug business underlying the conspiracy, and that he had others who worked for him. The imposition of the disputed adjustment is plausible in light of the entire record and thus is not clearly erroneous. *See Cisneros-Gutierrez*, 517 F.3d at 764; *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006).

Yzaguirre challenges the district court's imposition of a firearms adjustment. Similar to his claim concerning the leadership adjustment, this argument fails because it is refuted by the record, which shows that several other members of the conspiracy knowingly possessed weapons in connection with drug-related activity. *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010); *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990). Accordingly, the district court did not clearly err by concluding that Yzaguirre's coconspirators used firearms during the conspiracy and that these actions were reasonably foreseeable. *See Zapata-Lara*, 615 F.3d at 390.

Next, Yzaguirre claims that the district court erred by concluding that he should be held responsible for more than 15 kilograms of methamphetamine. This argument is unavailing because various portions of the record, when considered together, show that the district court's determination that the offense involved at least 15 kilograms of methamphetamine is plausible and thus not clearly erroneous. *See Cisneros-Gutierrez*, 517 F.3d at 764.

According to Yzaguirre, a proffer letter was breached when information he provided during debriefing was used to sentence him. This argument, which is considered for plain error only because he did not present it to the district court,

No. 10-40354

is unavailing because our review of the record shows that the information used to calculate Yzaguirre's guidelines sentencing range was gleaned from his coconspirators and cooperating individuals, rather than from him. *See Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009).

Finally, Yzaguirre argues that the district court erred by imposing a sentencing adjustment based on a finding that his offense involved the importation of drugs. Our review of the record, including the presentence report and sentencing hearing, shows that no such adjustment was imposed. Consequently, we decline to consider this argument.

The judgment of the district court is AFFIRMED.