# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40498
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-191

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Daniel Nunez appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(2)(A) and (h) (Count Two).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Nunez contends that the rationale in *Crawford v. Washington*, 541 U.S. 36 (2004), applies to the sentencing phase of a criminal prosecution and, thus, his Sixth Amendment right of confrontation was violated when the district court enhanced his sentence based on the Government's ex parte examinations and interviews, the probation officer's ex parte investigation, and information not disclosed in the presentence report (PSR). Contrary to Nunez's contention, *Crawford* does not extend a defendant's confrontation rights to sentencing proceedings. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). The information in the PSR was obtained from debriefings of cooperating sources and co-conspirators, surveillance operations, consensual monitored telephone conversations, wire intercepts, and multiple interviews with the agent in charge of the investigation. Thus, the PSR was supported by an adequate evidentiary basis with sufficient indicia of reliability. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Gaytan*, 74 F.3d 545, 557-58 (5th Cir. 1996). Aside from denying that he was responsible for some of the marijuana loads attributed to him in the PSR and arguing that the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(b) enhancements did not apply, Nunez did not present any rebuttal evidence to demonstrate that the information in the PSR was materially untrue, inaccurate, or unreliable. Therefore, the district court was free to adopt the PSR's findings without further inquiry or explanation. *See Fuentes*, 775 F.3d at 220.

Nunez contends that "[t]he unfairness of the process was exacerbated in this case by the court considering information, relating to the increases to the base offense level suggested by the Probation Office, that was not contained in the PSI, and was not available to counsel for the Defendant prior to the hearing." Specifically, Nunez points to the fact that the district court applied

a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(12) based in part on Nunez's involvement with the Hargill stash house. While Nunez correctly notes that the PSR based the § 2D1.1(b)(12) enhancement on Nunez's involvement with a different stash house, the PSR also provided that Nunez and the Nunez drug trafficking organization maintained several stash houses, including one in Hargill, Texas, as discussed at sentencing without objection based on inadequate notice. Accordingly, we find no merit to Nunez's contention that this information was not contained in the PSR.[1]

Finally, Nunez contends that the district court violated the Ex Post Facto Clause when it enhanced his sentence under U.S.S.G. § 2D1.1(b)(12) and (b)(14)(E) because the enhancements did not go into effect until the November 2011 version of the Sentencing Guidelines. Because Nunez did not raise this argument in the district court, plain error review applies. *See United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010).

The enhancements at issue became effective on November 1, 2010. *See Guidelines Manual, Supp. to Appendix C-Vol. III*, Amendment 748, pp. 374-75, 385 (Nov. 1, 2011); *Supplement to the 2010 Guidelines Manual*, § 2D1.1(b)(12), (b)(14)(E). The conspiracies to which Nunez pleaded guilty covered the time period between August 2009 and February 6, 2012. Because the last overt conspiratorial act occurred after the November 1, 2010, effective date of the amendments to § 2D1.1, the district court's application of § 2D1.1(b)(12) and

---

[1] Nunez cites no caselaw and provides no legal argument to support his claim that the district court should have provided him notice that it was going to base the sentencing enhancement on the Hargill property. *See* Fed. R. App. P. 28(a) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, *with citations to the authorities* and parts of the record on which the appellant relies." (emphasis added)); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned."). Instead, Nunez embeds this notice deficiency argument within his confrontation-clause argument, which we have already discussed.

(b)(14)(E) did not violate the Ex Post Facto Clause. *See Peugh v. United States*, 133 S. Ct. 2072, 2082-83 (2013); *United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005).

AFFIRMED.