# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2015

Lyle W. Cayce
Clerk

No. 14-31335
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JENNIFER PANOS, also known as Nancy,

Defendant - Appellant

No. 14-31337
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES PANOS, also known as Jim Panos,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-344-3
USDC No. 6:12-CR-344-1

No. 14-31335 c/w No. 14-31337

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jennifer and James Panos pleaded guilty to a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).  They were charged with conspiring to operate a criminal enterprise, Desperado's Gentlemen's Cabaret, which was used for, *inter alia*, prostitution, and the distribution and use of controlled substances.  Defendants were sentenced below the Sentencing Guidelines advisory sentencing range to 72 months' imprisonment for James Panos and 48 for Jennifer Panos.  Their sentences are challenged on several bases.

Defendants assert their rights against *ex post facto* laws were violated by the enhancement of their sentences, pursuant to Guideline § 2D1.1(b)(11), which provides a two-level enhancement to the base offense level "[i]f the defendant bribed, or attempted to bribe, a law enforcement officer to facilitate the commission of the offense".  They maintain the Government did not provide evidence demonstrating bribery of a law enforcement officer *after* 1 November 2010, when the enhancement went into effect.  Along that line, Jennifer Panos contends:  she never knowingly bribed a law enforcement officer; and there was no evidence she was personally involved in any payments to law enforcement officers after the effective date of the Guidelines amendment.  James Panos asserts there is no "legitimate evidence" he bribed, or attempted to bribe, a law enforcement officer after the effective date.  Each defendant objected to the enhancement at sentencing on *ex post facto* grounds, and Jennifer Panos further objected on additional factual grounds; accordingly, the objections were adequately preserved for appeal.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

The bribery enhancement was adopted by the Sentencing Commission in Guidelines Amendment 748, effective November 1, 2010. *See* U.S.S.G. App. C, Vol. III, amend. 748. "A sentencing court must apply the version of the sentencing guidelines effective at the time of the sentencing unless application of that version would violate the [*Ex Post Facto*] Clause of the Constitution." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). The *Ex Post Facto* Clause "generally prohibits the retroactive application of the sentencing guidelines if it results in a more onerous penalty", *id.,* in which case "the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed". U.S.S.G. § 1B1.11(b)(1).

A court's determination a conspiracy continued for Guidelines purposes is a factual finding; therefore, review is for clear error. *United States v. Thomas*, 12 F.3d 1350, 1371 (5th Cir. 1994). Because they were convicted of conspiracy, defendants are responsible for all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense. *See* U.S.S.G.

§ 1B1.3(a)(1)(B).  The court noted bribes were paid to law enforcement officers throughout the course of the conspiracy, which spanned from 1 January 2006 to 5 December 2012.  Where, as here, a conspiracy has continued after the effective date of a Guidelines enhancement, the *Ex Post Facto* Clause is not violated by application of the enhancement in sentencing a conspirator, who has not withdrawn from the conspiracy, and to whom it was foreseeable that the conspiracy would continue past the effective date of the amendment.  *See United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005); *see also Thomas*, 12 F.3d at 1370–71; *United States v. Devine*, 934 F.2d 1325, 1332 (5th Cir. 1991).

Defendants' contention that *Peugh v. United States*, 133 S.Ct. 2072 (2013), altered existing law on this issue is unavailing.  *See United States v. Nunez*, 604 F. App'x 353, 354 (5th Cir.) (applying *Peugh* and *Olis,* holding no *Ex Post Facto* Clause violation in sentencing defendant convicted of conspiracy under Guidelines enhancements that became effective during the existence of the conspiracy), *cert. denied*, 136 S.Ct. 338 (2015).  Accordingly, the court did not err in applying the Guidelines in effect on the date the conspiracy was terminated; nor did it err in its finding bribes paid by James Panos during the existence of the conspiracy were attributable to Jennifer Panos as relevant conduct, as it was foreseeable to her that the bribes had been paid and were ongoing.  *See Olis*, 429 F.3d at 545; *see also Alaniz*, 726 F.3d at 618–19.

James Panos contends the Government violated its immunity agreement with him by citing facts learned during his debriefings in its opposition to his sentencing memorandum.  He further maintains the court erred in relying on those facts in denying his objection to the bribery enhancement.  He did not claim in district court, however, that the Government breached the immunity agreement; at sentencing, his general statement regarding the facts contained in the agreement was insufficient to "alert the . . . court to the nature of the

4

alleged error and . . . provide an opportunity for correction". *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Accordingly, review is only for plain error. *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005). Under this standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, our court has discretion to correct the reversible plain error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Pursuant to Guideline § 1B1.8(a), "Where a defendant agrees to cooperate with the [G]overnment by providing information concerning unlawful activities of others, and as part of that cooperation . . . the [G]overnment agrees that self-incriminating information will not be used against the defendant, . . . such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement". Even assuming, *arguendo*, the Government's reference to facts learned during his debriefing was clear-or-obvious error, James Panos cannot show his substantial rights were affected. He is unable to demonstrate "a reasonable probability that, but for the alleged error, he would have received a lesser sentence". *United States v. Adesoye*, 383 F. App'x 421, 424 (5th Cir. 2010) (citing *United States v. Mondragon-Santiago*, 564 F.3d 357, 364–65 (5th Cir. 2009)). As noted *supra,* the record provides ample independent evidence he bribed law enforcement officials during the conspiracy, which supports imposition of the enhancement. *See United States v. Yzaguirre*, 406 F. App'x 919, 921 (5th Cir. 2011).

Additionally, he has not shown the court relied on the improper information in imposing the bribery enhancement. His reliance on *Santobello v. New York*, 404 U.S. 257 (1971) and *United States v. Harper*, 643 F.3d 135

(5th Cir. 2011), in support of his contention he is not required to show the Government's breach of the immunity agreement affected the court's sentencing decision, is unavailing.  In *Harper*, our court applied *Santobello* in vacating the defendant's sentence and remanding for resentencing because the Government had breached an immunity agreement.  643 F.3d at 139–43.  The error in *Harper*, however, was preserved, and an unpreserved breach-of-immunity-agreement issue was reviewed by the Court in *Puckett* under the plain-error standard, which required the defendant to show prejudice.  *Id.* at 139; *Puckett*, 556 U.S. at 140–41.

Jennifer Panos asserts the court erred by increasing her offense level by two levels, pursuant to Guideline § 2D1.1(b)(12), for maintaining a drug-related premises.  A court's determination regarding the application of § 2D.1.1(b)(12) is a factual finding, reviewed for clear error.  *E.g., United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015).  She further contends, for the first time on appeal, that the enhancement does not apply because it went into effect on 1 November 2010.  She adopts the assertions discussed *supra* regarding an *ex post facto* violation.  The objection was not preserved; therefore, review is only for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).

Under § 2D1.1(b)(12), a two-level enhancement is imposed if a defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance".  Jennifer Panos claims the court erred in finding drug distribution was one of the primary or principal uses for the premises because: the evidence does not show drug trafficking facilitated other illicit activities at the club; the record shows Desperado's was a legitimate business; the extent of drug distribution at the club, and her own involvement in the business, was overstated in the presentence investigation reports (PSRs); and she did not

personally participate in, or profit from, drug distribution, because drug proceeds were not a primary source of her livelihood. These contentions are without merit. The court's finding Jennifer Panos maintained a premises for the purpose of manufacturing or distributing a controlled substance is plausible in light of the unrebutted findings in the PSRs showing the extensive role of drugs in fueling and enhancing the Panos' business; therefore, it is not clearly erroneous. *See Alaniz*, 726 F.3d at 618–19; *Haines*, 803 F.3d at 744–45.

With regard to Jennifer Panos' *ex post facto* claim, as noted above, the Guidelines in effect on the date the conspiracy was terminated (here, December 5, 2012), may be applied without violating the *Ex Post Facto* Clause; accordingly, there is no plain error. *See Olis*, 429 F.3d at 545; *see also* § 1B1.3(a)(1)(A)–(B).

Finally, Jennifer Panos contends the court erred by increasing her offense level by four, pursuant to Guideline § 3B1.1(a), because she did not act as an organizer or leader of criminal activity involving five or more participants, or that was "otherwise extensive". This factual determination is reviewed for clear error. *E.g., United States v. Ismoila*, 100 F.3d 380, 394 (5th Cir. 1996).

More than one person involved in a conspiracy can qualify as a leader or organizer for purposes of the enhancement, and a defendant's role can be inferred from available facts. *United States v. Ventura*, 353 F.3d 84, 90 (5th Cir. 2003); *United States v. Cabrera*, 288 F.3d 163, 174–75 (5th Cir. 2002). The racketeering conspiracy involved prostitution and drug distribution. Jennifer Panos maintains she supervised prostitution activities but not drug distribution. As the Government asserts, however, it was proper for the court to consider all of the illegal activities of the conspiracy in applying the role

adjustment. *See Ismoila*, 100 F.3d at 395 (all relevant conduct is considered in applying the role adjustment); *United States v. Ceballos-Amaya*, 470 F. App'x 254, 262 (5th Cir. 2012) (same). The record amply supports the court's finding that Jennifer Panos: exercised decision-making authority over the racketeering enterprise; recruited accomplices by hiring and firing the employees who ultimately performed the acts of prostitution and/or sold controlled substances; worked with her husband to manage the day-to-day operation of the enterprise; and, along with him, took the greatest share of its profits. *See Ventura*, 353 F.3d at 89–90.

AFFIRMED.