# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

No. 14-10882
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HERRERA SANTA CRUZ, also known as Victor Herrera Valencia,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-20-1

Before JOLLY, WIENER, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Victor Herrera Santa Cruz pleaded guilty to one count of being an illegal alien in possession of a firearm. The district court sentenced him above the guidelines range to 90 months in prison and a three year term of supervised release. Herrera Santa Cruz argues that his sentence is substantively unreasonable because his criminal history was adequate to account for his prior offense. He also contends that the district court should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10882

not have speculated about the use of the nine semi-automatic weapons, which accepted large magazines, to increase the sentence above the recommended range.

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the sentencing court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *Id.* If there is no such error, or there is error but it is harmless, we proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 751-53.

Herrera Santa Cruz does not challenge the sentence procedurally, asserting only that the 90-month sentence is substantively unreasonable. Sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005), ordinarily under an abuse-of-discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). When a defendant fails to preserve a claim of error, however, we apply the plain error standard. *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). In this case, Herrera Santa Cruz argued in the district court that the recommended sentencing range was adequate, but he failed to object to the reasonableness of his sentence. We need not decide the standard of review, however, as Herrera Santa Cruz's sentence may be affirmed under either plain error or abuse of discretion.

A district court may consider the nature of prior convictions when determining whether the guidelines range is adequate. *See United States v. Fuentes,* 775 F.3d 213, 219-20 (5th Cir. 2014). Also, a sentence above the recommended guidelines for possession of semi-automatic weapons accepting

No. 14-10882

large capacity magazines is authorized by U.S.S.G. § 5K2.0(a)(2)(A) and U.S.S.G. § 5K2.17. On appeal, Herrera Santa Cruz is essentially asking this court to reweigh the sentencing factors. The sentencing court is in the best position to find facts and judge their import. *See Gall*, 552 U.S. at 51; *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Herrera Santa Cruz has not shown any abuse of discretion by the district court, much less plain error. The judgment of that court is AFFIRMED.