**REVISED January 2, 2015**
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-20654

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERNESTO FUENTES, also known as Ernesto B. Fuentes, also known as Ernesto Bonilla Ventura,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ernesto Fuentes appeals the twenty-four month sentence imposed following his guilty plea conviction for being found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a). He argues that the district court's decision to upwardly depart pursuant to U.S.S.G. § 2L1.2, cmt. n.7, was procedural error and substantively unreasonable. For the following reasons, we AFFIRM the judgment of the district court.

No. 13-20654

## I.    BACKGROUND

On August 9, 2013, Defendant-Appellant Ernesto Fuentes pleaded guilty in the United States District Court for the Southern District of Texas to being found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a). The district court ordered that a presentence report ("PSR") be prepared. The PSR began with a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), the section of the United States Sentencing Guidelines applicable to violations of 8 U.S.C. § 1326(a). The PSR next subtracted two offense levels, pursuant to U.S.S.G. § 3E1.1(a), because Fuentes had accepted responsibility for his criminal conduct. Consequently, the PSR determined that Fuentes had a total offense level of six.

Next, the PSR turned to its calculation of Fuentes's criminal history score. As a result of his five prior misdemeanor convictions, Fuentes was assigned a criminal history score of nine, which placed him in Criminal History Category IV.[1] The PSR also noted under the heading of "Other Criminal Conduct," that in 2005 Fuentes had been charged with another count of indecent exposure; however, this charge was dismissed. Based on a total offense level of six and a criminal history category of IV, Fuentes's Guidelines range of imprisonment was determined to be six to twelve months. U.S.S.G., ch. 5, pt. A, Sentencing Table.

The PSR also noted, under the heading "Factors That May Warrant Departure," that the district court could consider an upward departure from the advisory Guidelines range made pursuant to U.S.S.G. § 2L1.2, cmt. n.7. The PSR explained that pursuant to § 2L1.2, cmt. n.7, the district court could consider an upward departure from the Guidelines range if the applicable

---

[1] Fuentes's criminal convictions were as follows: (1) public lewdness (2006); (2) indecent exposure (2006); (3) indecent exposure (2008); (4) indecent exposure (2013); and (5) indecent exposure (2013).

offense level substantially understates the seriousness of a prior conviction. The PSR then noted that:

> [a]s reflected in PART B. of the PSR, the defendant was allowed to plead to public lewdness in 2005, but he was originally charged with indecency with a child and he was allowed to plead to indecent exposure in 2008, but he was originally charged with criminal attempt-indecency with a child by exposure. As a result of being allowed to plead guilty to reduced charges, the defendant avoided a +16 point enhancement to his Base Offense Level.

Finally, the PSR explained that it had not identified any additional factors under 18 U.S.C. § 3553(a) that would warrant a sentence outside the advisory guidelines range.

Fuentes objected to the PSR. His principal objection was that an upward departure pursuant to § 2L1.2, cmt. n.7, was not warranted. Fuentes explained that the departure applies only when a defendant has a prior "conviction" for an offense that would normally receive additional levels. He further noted that this court in *United States v. Gutierrez-Hernandez*, 581 F.3d 251 (5th Cir. 2009), disapproved of departures based on hypothetical potential convictions. Finally, he argued that his criminal history category captured all of his convictions. In an addendum to the PSR, the probation officer continued to maintain that the district court could impose an upward departure, pursuant to § 2L1.2, cmt. n.7, because the offense level substantially understates the seriousness of Fuentes's prior convictions.

On November 1, 2013, the district court held a sentencing hearing. Fuentes renewed his objection to the PSR's suggestion that an upward departure, pursuant to § 2L1.2, cmt. n.7, was warranted. Fuentes explained that § 2L1.2, cmt. n.7, was intended to apply to convictions and was designed to "address situations where, for example, through our creative lawyering we convince the Court that a conviction is technically under the categorical

No. 13-20654

approach not, for example, a crime of violence." Fuentes further explained that he was not convicted of the crime of indecency with a child and that this court had indicated in *Gutierrez-Hernandez* that hypothetical felonies are not to be considered. Moreover, Fuentes argued that "[t]he court has no basis to determine that he . . . in fact committed that offense," and that he received "criminal history points for all of his convictions." Finally, Fuentes contended that the "guideline range . . . adequately represents . . . the seriousness of this offense as well as [the] prior convictions." The government responded that it believed that "the Court [has a] legitimate basis to impose an upward departure if the Court so chooses." However, the government indicated that it was not going to ask the district court for an upward departure.

The district court adopted the PSR's factual findings and the application of the guidelines to the facts as its own. Accordingly, the district court found "a total offense level of six [and a] criminal history category of four, which gives a guideline range of six to [twelve] months." The district court noted that Fuentes had been convicted of four counts of indecent exposure and one count of public lewdness since 2005. The district court made clear that while the defendant was allowed to plead to public lewdness in 2005, he was originally charged with indecency with a child. The district court also noted that in 2008, Fuentes was allowed to plead to indecent exposure; however, he was originally charged with criminal attempt, indecency with a child by exposure. The district court also highlighted that his last conviction for indecent exposure occurred in 2013 and involved Fuentes pushing a security guard in an attempt to escape. The district court concluded that "[a]s a result of being allowed to plead guilty to reduced charges, the defendant has avoided a 16-point enhancement to his base offense level and he avoided a more serious indictment for the instant federal offense."

No. 13-20654

The district court determined that an upward departure was appropriate because "[i]t takes into account his conduct in the instant case, his prior criminal conduct, the likelihood of recidivism, and appropriately sanctions his activities." After deciding that an upward departure was appropriate, the district court found that Fuentes had a new "total offense level of 21 and a criminal history category of four, which establishes a guideline range of 57 to 71." However, because the statutory maximum sentence was twenty-four months, the district court sentenced Fuentes to twenty-four months of incarceration.

Furthermore, the district court noted that "[e]ven if the departure is later found to have been in error, the Court would have imposed the same sentence pursuant [to 18 U.S.C. § 3553(a)], due to the characteristics and background of the defendant." The district court further noted that it "considered the guidelines and [found] that a sentence outside of those guidelines is consistent with and takes into account the purposes of [18 U.S.C. § 3553(a)]." Fuentes objected because "the sentence is greater than necessary and . . . the charge is not . . . the proper basis for a departure upward." The district court overruled Fuentes's objection. Fuentes filed a timely appeal.

## II.   STANDARD OF REVIEW

"We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). First, we consider "whether the district court committed a significant procedural error, such as failing to calculate or incorrectly calculating the Guidelines range, treating the Guidelines as mandatory, or failing to consider the Section 3553 sentencing factors." *United States v. Simmons*, 568 F.3d 564, 566 (5th Cir. 2009) (citing *Gall*, 552 U.S. at 51). Furthermore, we are to determine if the district court relied on "clearly

erroneous facts." *Gall*, 552 U.S. at 51. In order to determine if there was a significant procedural error, "we review the district court's interpretation or application of the sentencing guidelines *de novo*, and its factual findings for clear error." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (internal citation and quotation marks omitted).

"[I]f the district court's decision is procedurally sound, we consider the substantive reasonableness of the sentence, considering the factors in 18 U.S.C. § 3553(a)." *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009) (citing *United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008)). We review "upward departures for reasonableness, which necessitates that we review 'the district court's decision to depart upwardly and the extent of that departure for abuse of discretion.'" *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (quoting *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005)). "In exercising this bifurcated review process, we continue to review the district court's application of the Guidelines *de novo* and its factual findings for clear error." *United States v. Delgado-Martinez*, 564 F.3d 750, 751 (5th Cir. 2009).[2]

## III.   ANALYSIS

Fuentes argues that the district court imposed a procedurally and substantively unreasonable sentence. After a review of the record, we conclude that the district court's sentence was both procedurally and substantively reasonable. Since we hold that the district court properly applied a departure pursuant to U.S.S.G. § 2L1.2 cmt. n. 7, we do not consider Fuentes's arguments regarding the district court's alternative basis for the sentence it imposed.

---

[2] The parties dispute whether plain error review should apply. However, we do not reach this question because we conclude, under the standard of review discussed above, that the district court committed no procedural error and Fuentes's sentence was substantively reasonable.

No. 13-20654

U.S.S.G. § 2L1.2 cmt. n. 7 provides that "[t]here may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction." *Id.* In such cases, "a departure may be warranted." *Id.* Pursuant to § 2L1.2 cmt. n. 7, the district court upwardly departed from Fuentes's Guidelines range of six to twelve months and found that "a total offense level of 21 and a criminal history category of [4], which establishes a guideline range of 57 to 71 months would be appropriate." However, because the statutory maximum penalty under 8 U.S.C. § 1326(a) is two years, the district court sentenced Fuentes to twenty-four months. Fuentes argues that this sentence is procedurally unreasonable because the district court clearly erred by assuming that he was guilty of the felony "crime of violence" of indecency with a child by exposure. As explained below, the district court did not err when it considered Fuentes's criminal history in deciding to upwardly depart.

Fuentes was convicted of four misdemeanor counts of indecent exposure and one misdemeanor count of public lewdness. Accordingly, he was not eligible for the 16-level crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Nevertheless, it is clear that the district court took into account the fact that he was originally charged with indecency with a child by exposure when it decided to depart pursuant to U.S.S.G. § 2L1.2, cmt. n. 7. It is also clear that the district court considered the fact that two of Fuentes's misdemeanor convictions involved children, despite Fuentes not having been convicted of indecency with a child by exposure. The district court's consideration of these facts raises an issue that Fuentes indirectly touches upon: whether the district court could properly consider conduct described in the PSR that did not result in a conviction.

It is "well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-*

7

*Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Although "it is error for a district court to consider a defendant's 'bare arrest record' at sentencing," *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011), that is not what happened here. "The term 'bare arrest record,' in the context of a PSR describes the reference to the mere fact of an arrest—*i.e.* the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest." *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012) (citing *United States v. Williams*, 620 F.3d 483, 493 n.9 (5th Cir. 2010)). In *Harris*, we concluded that the district court had not improperly relied on "the mere fact of prior arrests," because the "PSR included the factual underpinnings for the prior unadjudicated arrests—not merely the fact that he had been arrested, but not convicted." *Id.* at 230 n.1. As in *Harris*, Fuentes's PSR includes "the factual underpinnings" of his criminal history, including an extensive factual recitation derived from the offense reports regarding each criminal conviction. Yet, in order for a district court to rely on the factual recitation contained in the PSR, it "must determine whether that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability." *Id.* at 231.

"Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'" *Id.* at 230 (quoting *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)). The district court could therefore "adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* Here, the statements in the PSR about the conduct underlying Fuentes's misdemeanor convictions were based on "a Houston Police Department . . . offense report," and an "Aldine, Texas, Independent School District Police

Department . . . offense report." These police reports (which are extremely detailed) were based, in part, on interviews with the juvenile victims and the victims' identification of Fuentes as the suspect. We have previously held that "the district court may properly find sufficient reliability on a presentence investigation report which is based on the results of a police investigation." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991); *see also United States v. Turcios-Riveria*, --- F. App'x ---, 2014 WL 5437995, at *1 (5th Cir. Oct. 28, 2014) (unpublished) (reasoning that because the PSR "contained specific information from the offense report" it "bore a sufficient indicia of reliability."). Since Fuentes has offered "no testimony or other evidence . . . to rebut the information in the PSR, the district court was free to adopt the PSR's findings without further inquiry or explanation." *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). Accordingly, because we conclude that the factual recitations of the conduct underlying Fuentes's convictions "had an adequate evidentiary basis with sufficient indicia of reliability, the district court did not commit procedural error by considering them at sentencing." *Harris*, 702 F.3d at 231.

Fuentes also argues that because the crime of indecency with a child by exposure requires that a defendant actually know that a minor is present, Tex. Penal Code § 21.11(a)(2)(A), and there was no evidence that he had such actual knowledge, the district court erred in holding that he had effectively committed that crime. However, the district court did not make such a factual finding. The district court mentions Fuentes's conduct involving children at two points during the sentencing hearing. First, it discusses that while Fuentes's 2005 and 2008 convictions were ultimately for misdemeanors, he had originally been charged with indecency with a child. Second, the district court explained that it was "concerned about the nature and extent of Mr. Fuentes'[s] prior convictions for public lewdness in 2006 and indecent exposure in 2008, both

[of] which involved children." These portions of the sentencing hearing regarding Fuentes's criminal history illustrate only the district court's concern about the seriousness of Fuentes's previous convictions and that several involved children. The district court did not make a factual finding during the sentencing hearing about whether Fuentes had effectively committed the felony offense as a matter of law.

Accordingly, we conclude that it was procedurally reasonable for the district court to upwardly depart pursuant to U.S.S.G. § 2L1.2, cmt. n. 7. The district court did not rely on "clearly erroneous facts," *Gall*, 552 U.S. at 51, when it determined that Fuentes's "applicable offense level substantially . . . understates the seriousness" of his previous convictions such that a departure pursuant to U.S.S.G. § 2L1.2, cmt. n. 7, was warranted. Although Fuentes's previous convictions do not qualify as a crime of violence, it was procedurally reasonable to consider the conduct underlying his convictions as a basis for an upward departure. *See United States v. Coronado*, 514 F. App'x 422, 423 (5th Cir. 2013) (unpublished) (affirming departure based in part on § 2L1.2, cmt. n. 7, because his offense level understated the seriousness of the conduct underlying his criminal history); *cf. United States v. Herrera-Garduno*, 519 F.3d 526, 531 (2008) (explaining that a district court can impose an upward departure regardless of whether a prior offense technically qualified as a crime of violence).

We also hold that Fuentes's sentence was substantively reasonable. In determining whether the sentence was substantively reasonable, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. Although "the extent of the deviation" from the Guidelines range is to be considered, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* Similar to his challenge to the

procedural reasonableness of his sentence, Fuentes argues that his sentence is substantively unreasonable because the district court gave significant weight to an improper factor, namely, to the erroneous assumption that he had committed the offense of indecency with a child by exposure. However, as explained above, the district court did not find that Fuentes had committed the felony offense of indecency with a child by exposure. In fact, the district court considered Fuentes's five criminal convictions and his apparent inability to refrain from criminal conduct and determined that an upward departure was appropriate. Accordingly, the district court did not give "significant weight to an irrelevant or improper factor," and the sentence does not represent "a clear error of judgment in balancing the sentencing factors." *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Furthermore, the district court made explicit, as was required, that it had considered the Guidelines and had determined that a non-Guidelines sentence was consistent with the purposes of 18 U.S.C. § 3553(a). *See Gall*, 552 U.S. at 49–51.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment and sentence imposed by the district court.

11