# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2015

Lyle W. Cayce
Clerk

No. 14-41035
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL DE LA CRUZ-BAUTISTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-267

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rafael De La Cruz-Bautista (De La Cruz) pleaded guilty, without the benefit of a plea agreement, to conspiring to transport and harbor aliens and to being found unlawfully in the United States after having been deported following a felony conviction. He challenges his 46-month prison sentence, which was at the bottom of the advisory guidelines range, claiming that it is procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41035

De La Cruz contends that the district court erred by enhancing his offense level for harboring unaccompanied minors and for intentionally or recklessly creating a substantial risk of death or serious bodily injury. We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Cantu-Ramirez*, 669 F.3d 619, 628 (5th Cir. 2012).

De La Cruz first urges that the district court should not have assessed a two-level enhancement for harboring a person younger than 16 years old who is not accompanied by a parent or grandparent. He asserts that the findings in the presentence report (PSR) are unreliable and that there is a discrepancy in the number of unaccompanied minors found in one of the stash houses that he maintained. *See* U.S.S.G. § 2L1.1(b)(4) & comment. (n.1).

A district court may adopt the facts contained in a PSR if they have an adequate evidentiary basis with sufficient indicia of reliability and if the defendant does not present evidence to rebut them or otherwise demonstrate that they are unreliable. *United States v. Fuentes,* 775 F.3d 213, 220 (5th Cir. 2014). The probation officer who prepared the instant PSR consulted the investigative reports from Department of Homeland Security and the Bureau of Customs and Border Protection, the case agent for the Department of Homeland Security, trial testimony, and depositions from material witnesses. The findings in the PSR were thus based on evidence that was sufficiently reliable. *Cf. id.* (explaining that findings in a PSR based on the results of a police investigation are sufficiently reliable). Moreover, De La Cruz acknowledges that he did not adduce evidence to rebut those findings. The PSR did contain a discrepancy as to whether De La Cruz housed two or three unaccompanied minors, but only one is required to trigger the enhancement,

*see* § 2L1.1(b)(4).  The precise number of minors that De La Cruz harbored is immaterial.

De La Cruz also disputes the two-level enhancement under U.S.S.G. § 2L1.1(b)(6) for intentionally or recklessly creating a substantial risk of death or serious bodily injury.  He does not dispute the PSR's findings that these aliens were housed in cramped conditions and were forced to sleep standing up, and that several of them fainted.  In fact, the PSR states that De La Cruz housed as many as 250 aliens in one mobile home.

The district court agreed that De La Cruz kept the aliens in crowded and inhumane conditions, noting that they were "packed in like sardines."  De La Cruz nevertheless insists that these findings are insufficient to support the enhancement, maintaining that the court was required to make additional findings that the conditions created a risk of death or serious bodily injury and had to consider additional factors related to that risk.  We disagree.  The commentary to § 2L1.1(b)(6) instructs that "harboring persons in a crowded, dangerous, or inhumane condition" constitutes the type of reckless endangerment the Guideline is intended to address.  § 2L1.1, comment. (n.5). The examples in the commentary describe situations that pose "inherent" risks of danger.  *See United States v. Mateo Garza*, 541 F.3d 290, 293-94 (5th Cir. 2008); *United States v. Garcia-Guerrero,* 313 F.3d 892, 896 (5th Cir. 2002). Once the district court found that the conditions were crowded and inhumane, it was not required to discuss the potential harm that could have resulted from that inherently dangerous situation or other risks that the aliens faced.

Finally, challenging his 46-month prison term as substantively unreasonable, De La Cruz contends that the district court did not sufficiently consider (1) his lack of education, (2) that he committed the offense because he was in love with one of his coconspirators, or (3) "all the other information

contained in the PSR." De La Cruz did not object to the sentence in the district court, so our review is for plain error only, *see United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013). His position that the district court should have placed more emphasis on his personal history and characteristics amounts to a disagreement with the balance among the various sentencing factors that the district court struck: We will not reweigh those factors. *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). We also note that, at sentencing, De La Cruz's counsel requested a 46-month sentence, precisely the sentence that he received. De La Cruz has not shown that the district court failed to consider any factor that should have received significant weight, or that it gave significant weight to a factor that it should have discounted, or that it made a clear error of judgment when it balanced the relevant factors. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). He has therefore failed to rebut the presumption that his within-guidelines sentence is reasonable, much less shown that the district court committed plain error. *See id.*

The judgment of the district court is AFFIRMED.