# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11000
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN FRANKLIN FOWLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-49

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

John Franklin Fowler pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months of imprisonment and a three-year term of supervised release. He contends that the rationale in *Crawford v. Washington*, 541 U.S. 36 (2004), applies to the sentencing phase of a criminal prosecution and, thus, his Sixth Amendment right of confrontation was violated when the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11000

enhanced his sentence under U.S.S.G. § 2D1.1(b)(12) based on statements of coconspirators contained in the presentence report (PSR). Fowler also asserts that the Government did not prove by a preponderance of the evidence that he maintained his residence as a "drug house" for purposes of the § 2D1.1(b)(12) enhancement.

The Government moves for summary affirmance. In the alternative, the Government requests an extension of time to file a brief on the merits.

Summary affirmance is proper where, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006) (internal quotation marks and citation omitted). Contrary to Fowler's contention, *Crawford* does not extend a defendant's confrontation rights to sentencing proceedings. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

The information in the PSR was obtained from the indictment, the factual resume, and investigative reports obtained from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Thus, the PSR was supported by an adequate evidentiary basis with sufficient indicia of reliability. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). Aside from asserting that there were no drugs found during a search of his home and arguing that the information contained in the PSR came from third-party sources, Fowler did not present any rebuttal evidence to demonstrate that the information in the PSR was materially untrue, inaccurate, or unreliable. Therefore, the district court was free to adopt the PSR's findings without further inquiry or explanation. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009). We find no clear error in the district court's factual determination that Fowler maintained his home for the

No. 14-11000

purpose of manufacturing or distributing a controlled substance. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In view of the foregoing, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.