# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11264
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TONY LEE PERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-19

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tony Lee Perry pleaded guilty, without the benefit of a plea agreement, to one count of conspiring to possess intending to distribute a controlled substance. In the presentence report (PSR), the probation officer determined that Perry possessed 26 ounces, or 737.1 grams, of methamphetamine, and calculated his advisory guidelines sentencing range based on this drug quantity. Perry objected to the drug quantity finding and put on testimony at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11264

his sentencing hearing in an attempt to rebut it. The district court overruled his objection and imposed a 150-month prison term, at the high end of the guidelines range. Perry appeals.

The district court's drug quantity calculation is a factual determination entitled to "considerable deference," *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), and we will reverse the finding only if it is clearly erroneous, that is, if it is implausible in light of the record as a whole, *see United States v. Simpson*, 741 F.3d 539, 556-57 (5th Cir.), *cert. denied*, 134 S. Ct. 2318 (2014).

Perry first argues that the PSR's finding that Brittany Barron, a coconspirator, provided him with 18 ounces of drugs was not sufficiently corroborated and that, because the probation officer did not append to the PSR the documents she relied on, there is no way to know whether her findings bear a sufficient indicia of reliability to support the finding. The district court may rely on the information contained in the PSR if it has "an adequate evidentiary basis with sufficient indicia of reliability." *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). The probation officer based her findings on the indictment, superseding indictment, factual resumes, investigative material provided by federal agents, and offense reports prepared by police officers, and she corroborated the information during an interview with a Drug Enforcement Administration agent. Moreover, a review of the sentencing transcript reveals that Barron provided a statement to the Government that was memorialized in writing and that corroborated the PSR's findings. Accordingly, absent any evidence to rebut it, the information in the PSR contained an adequate evidentiary basis and was sufficiently reliable to support the drug quantity determination. *Cf. id.* (explaining that findings in a PSR based on the results of a police investigation are sufficiently reliable to

be relied on where the defendant offers no evidence to rebut the PSR's findings).

Relying on testimony he put forward at sentencing, Perry challenges as untrue, inaccurate, or unreliable the PSR's finding that Barron delivered to him an ounce of methamphetamine per week for 14 weeks and later delivered to him a four-ounce quantity.  Though Barron testified that she did not deliver methamphetamine to Perry—except for a small amount on one occasion—and that she has never reported otherwise, the district court found the testimony incredible and the findings in the PSR reliable.  We defer to the credibility findings that the district court makes at sentencing.  *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010).  Especially in light of its determination that Barron's testimony was not credible, the district court did not clearly err in concluding that Perry failed to demonstrate that the PSR's finding that Barron provided him with 18 ounces of methamphetamine was "inaccurate or materially untrue."  *Simpson*, 741 F.3d at 556-57.

Perry also disputes the PSR's finding that he twice gave four ounces of methamphetamine to another coconspirator, arguing that he was not involved in those transactions and was merely a bystander.  An officer involved in the investigation testified at sentencing that, based on his knowledge of the drug world in general and of this conspiracy in particular, Perry played an active role in the transactions, which supports the PSR's finding.  In any event, the drugs that Perry gave to this coconspirator were not included in 737.1 grams of methamphetamine that Perry was held responsible for, so he cannot demonstrate that the PSR findings were materially untrue.  *See id.* at 557.  Accordingly, the district court did not clearly err.  *See id.* at 556-57.

Finally, as the Government contends, any error would be harmless.  The district court explicitly stated that even if it misapprehended the drug quantity

No. 14-11264

attributable to Perry, it nonetheless would have imposed the same 150-month prison term. It explained that in choosing this particular sentence, it considered mitigating factors regarding Perry's history and characteristics, including his medical history and history of abuse, but determined that these factors were outweighed by the seriousness of the offense, the extent and seriousness of Perry's criminal history, and the need to protect the public from Perry's criminal activities. Thus, the Government has met the "high hurdle" to show that the district court would have imposed the same sentence for the same reasons regardless of any error in the drug quantity determination and resulting guidelines calculation. *United States v. Ibarra-Luna*, 628 F.3d 712, 713-14 (5th Cir. 2010).

AFFIRMED.

4