# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IVORY LEE THOMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-195-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ivory Lee Thompson appeals his conviction for being a felon in possession of a firearm. He also appeals his sentence of 120 months of imprisonment.

Our review of the factors in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), and of the district court's findings establishes that the district court did not abuse its discretion in denying Thompson's motion to withdraw his guilty plea. *See United States v. McKnight*, 570 F.3d 641, 645 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10323

2009).   Our rule of orderliness prevents us from overruling prior decisions rejecting Thompson's contention that a conviction under 18 U.S.C. § 922(g)(1) and sentence pursuant to 18 U.S.C. § 924(a)(2) require proof of the defendant's knowledge of the firearm's interstate nexus.  *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *United States v. Rose*, 587 F.3d 695, 706 n.9 (5th Cir. 2009); *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988).

The district court committed no error in considering Thompson's unadjudicated 2014 arrest in imposing the challenged sentence, assuming arguendo that it actually did so.  *See United States v. Fuentes*, 775 F.3d 213, 218, 220 (5th Cir. 2014); *United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012).  As Thompson concedes, his argument that the district court denied him his right to confrontation by considering the 2014 arrest without giving him an opportunity to cross-examine his accusers is foreclosed.  *See United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.