# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10414
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
January 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KIYUNTAE G. BEAUDOIN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-253-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kiyuntae G. Beaudoin, who pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), appeals his 120-month sentence for that offense. In doing so, he presents one issue, asserting the court erroneously applied a sentencing enhancement for using or possessing a firearm in connection with another felony offense, pursuant to Guideline § 2K2.1(b)(6)(B).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10414

A special agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) observed Beaudoin's post under the pseudonym "Kay Da Fool", advertising guns for sale on a Facebook gun-trading group website. The ATF agent, attempting to purchase a weapon, contacted Beaudouin and provided a telephone number assigned to an Arlington, Texas, police department undercover officer. Officers from that department stopped and apprehended Beaudoin while he was *en route* to sell a gun to the undercover officer.

Beaudoin does not challenge these facts. Instead, he contends the court inappropriately imposed the sentencing enhancement, asserting the basis for the aggravating indictment lacked sufficient indicia of reliability. The presentence investigation report (PSR), citing a police report, recommended this enhancement based on, *inter alia*, Beaudoin's indictment for aggravated robbery. According to the police report, Beaudoin and an associate met the theft victim under the guise of expressing interest in purchasing hubcaps for an automobile. The sale did not occur, however, because Beaudoin and his associate instead robbed the victim, who ran to a nearby store to telephone the police. The victim told investigators Beaudoin brandished an AK-47-style rifle during the robbery. Officers responded and located Beaudoin's vehicle, matching the license-plate numbers provided by a witness to the robbery. A search of Beaudoin's vehicle and the residence where he was found yielded, *inter alia*, multiple firearms and ammunition.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness

under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

According to Beaudoin, the court clearly erred in finding, for purposes of Guideline § 2K2.1(b)(6)(B), that he used or possessed a firearm in connection with another felony offense.  He contends the information in the PSR, obtained from the victim of the other crime during the police investigation, was unreliable because the victim was an acquaintance of Beaudoin's and a twice-convicted felon.

For imposition of the enhancement, whether a firearm was used or possessed in connection with another felony offense is a finding of fact, reviewed for clear error, as discussed *supra*.  *E.g.*, *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  A finding is not clearly erroneous if it is plausible in the light of the record as a whole.  *Id.*  And, a PSR is generally sufficiently reliable to be considered as evidence by the district court in making factual determinations.  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).  Where, as here, the defendant disputes such evidence, he has "the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable".  *Id.* (internal quotation marks and citation omitted).

A PSR that "is based on the results of a police investigation" is sufficiently reliable for the district court to consider at sentencing.  *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (internal quotation marks and citation omitted).  Moreover, even in the absence of the victim's statements, a reasonable inference can be drawn from the remaining evidence

provided by the PSR that Beaudoin used a firearm in connection with another felony offense. *See Coleman*, 609 F.3d at 708.

Alternatively, any error in the application of the four-level enhancement was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 714, 718 (5th Cir. 2010). The court clearly expressed it would have sentenced Beaudoin to the statutory maximum sentence of 120 months regardless of the advisory Guidelines sentencing range. Along that line, the court stated a sentence above the statutory maximum would be required to satisfy the sentencing concerns of 18 U.S.C. § 3553(a).

AFFIRMED.