# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GODWIN ORIAKHI,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-319-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Godwin Oriakhi pleaded guilty to two counts of conspiracy to commit healthcare fraud and one count of conspiracy to launder money. The district court sentenced him to a total of 480 months of imprisonment. In calculating Oriakhi's total offense level under the Sentencing Guidelines, the district court applied a two-level enhancement under U.S.S.G. § 3C1.1 based on its finding that Oriakhi obstructed justice.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Oriakhi argues on appeal that the district court reversibly erred by applying this enhancement because it was not supported by a preponderance of the evidence. We review the district court's factual finding that Oriakhi obstructed justice for clear error. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

The facts included in the presentence report (PSR) that support the two-level enhancement were based on the results of an FBI investigation and were consistent with an FBI agent's sworn testimony at Oriakhi's pretrial bond revocation hearing. That information had sufficient indicia of reliability to be considered by the district court in making its factual determinations. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Furthermore, Oriakhi provided no rebuttal evidence to show that the PSR was materially untrue, inaccurate, or unreliable. *United States v. Hawkins*, 866 F.3d 344, 347 (5th Cir. 2017). The district court was thus free to adopt the information in the PSR "without further explanation." *United States v. Soza*, 874 F.3d 884, 897 (5th Cir. 2017).

Although Oriakhi relies on *United States v. Ceballos-Amaya*, 470 F. App'x 254, 263-65 (5th Cir. 2012), he points to nothing in the record that contradicts the district court's factual findings. As the district court's finding that Oriakhi obstructed justice is plausible in light of the record as a whole, it is not clearly erroneous. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

AFFIRMED.