# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CARLOS SALINAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-24-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Carlos Salinas appeals from the sentences imposed for his jury trial convictions on one count of conspiracy to transport undocumented aliens and two counts of transportation of an undocumented alien. He first argues that the district court erred by sentencing him based on unreliable information provided by the presentence report (PSR) and the Assistant United States Attorney (AUSA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41062

The disputed information in the PSR had an adequate evidentiary basis with sufficient indicia of reliability, and the district court was permitted to adopt the information because Salinas did not present rebuttal evidence showing that it was materially untrue or inaccurate. *See United States v. Fuentes*, 775 F.3d 213, 218 (5th Cir. 2014).

Salinas's argument that the district court improperly relied on the AUSA's statements at sentencing about a deceased alien also is unavailing. The record does not show that the district court relied on those statements, to the extent they differed from the PSR. In overruling Salinas's objection to the 10-level enhancement under U.S.S.G. § 2L1.1(b)(7), the district court found that the evidence showed an alien was left in the brush at Salinas's direction and died. That finding was independently supported by the information in the PSR. Salinas has not shown that the district court's findings in support of his sentence were clearly erroneous. *See Fuentes*, 775 F.3d at 218.

Salinas also argues that the district court violated his Sixth Amendment rights by sentencing him based on facts that were not admitted by him or found beyond a reasonable doubt by the jury. He acknowledges that the argument is foreclosed by circuit precedent but raises it to preserve it for further review. Under the advisory Guidelines regime in effect after *United States v. Booker*, 543 U.S. 220 (2005), a sentencing judge may find all facts relevant to sentencing under the standard of preponderance of the evidence. *United States v. Hebert*, 813 F.3d 551, 564 (5th Cir. 2015). Because the guidelines enhancements in this case did not increase Salinas's statutory maximum or minimum sentence, the facts supporting the enhancements were only required to be proven by a preponderance of the evidence. *See United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016).

AFFIRMED.