# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-10413
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ALBA-MORALES, also known as Miguel Alba,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-116-1

————————————

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Alba-Morales appeals his 60-month, above-guidelines sentence for illegal reentry following deportation, contending that it is both procedurally and substantively unreasonable. Specifically, he argues that his sentence, which is the result of an upward variance based, in part, on prior unadjudicated arrests for drug possession and theft, is procedurally unreasonable because the presentence report (PSR) lacked an adequate

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary basis for finding that he had committed the uncharged drug possession and theft offenses.  We review the district court's factual findings for clear error.  *See United States v. Carey*, 589 F.3d 187, 196 (5th Cir. 2009); *see also Gall v. United States*, 552 U.S. 38, 51 (2007).

Because Alba-Morales does not challenge the PSR's reliability and offered no evidence at sentencing to rebut the PSR's facts, he shows no error in the district court's adoption of and reliance on the PSR to support its factual finding.  *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009).  Alba-Morales asserts that there was not enough information in the PSR to support an inference that his prior conduct—possessing a baggie of "white powdery substance" and knowingly receiving stolen property—amounted to drug possession or theft as a matter of law.  This argument misses the mark because the district court made no such findings; it found only that Alba-Morales "engaged in the conduct" described in the relevant paragraphs of the PSR.  *See United States v. Fuentes*, 775 F.3d 213, 220-21 (5th Cir. 2014).  Alba-Morales fails to show that this finding was clear error.  *See United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015).  Thus, he fails to show procedural error.  *See Gall*, 552 U.S. at 51; *Carey*, 589 at 196.

Finally, Alba-Morales fails to show that his sentence was substantively unreasonable.  *See Gall*, 552 U.S. at 51.  We give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and we conclude that there was no abuse of the court's discretion. *Id.*

AFFIRMED.