# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

No. 21-10557
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON CARL TAYLOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-206-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jason Carl Taylor appeals the 96-month, within-guidelines sentence imposed upon his guilty plea to possession of a firearm as a felon. On appeal, he challenges the district court's application of a sentence enhancement under U.S.S.G. § 2K2.1(b)(6)(B), which adds four levels if a defendant

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10557

"used or possessed any firearm or ammunition in connection with another felony offense." The presentence report (PSR) provided that the enhancement was warranted because Taylor threatened and pointed a shotgun at another individual. Taylor argues that the PSR lacked sufficient indicia of reliability and that the district court erred by relying on the PSR at sentencing.

We review the district court's factual findings for clear error. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). A PSR generally bears sufficient indicia of reliability to be considered by the sentencing judge in making factual determinations. *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). A "district court may properly find sufficient reliability on a [PSR] which is based on the results of a police investigation," including those that rely on victim interviews. *United States v. Vela*, 927 F.2d 197, 201 (5th Cir. 1991); *see Fuentes*, 775 F.3d at 220. However, "[b]ald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR." *United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993). If the PSR bears sufficient indicia of reliability, then the defendant has the burden of showing that the PSR is inaccurate. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).

Here, the information in the PSR was based on the victim's initial call to police and his subsequent interview at the scene. The victim's statements were corroborated in at least three ways: Taylor and his car matched the victim's description, the police found a shotgun in Taylor's car, and Taylor admitted that he and the victim were in a verbal altercation. While additional corroboration from third-party witnesses would certainly strengthen the indicia of reliability, we have "never held that corroboration is necessary in order for a factual account contained in a PSR to bear sufficient indicia of reliability to support its consideration at sentencing." *United States v. Parkerson*, 984 F.3d 1124, 1129 (5th Cir. 2021), *cert. denied*, 2022 WL 89280

No. 21-10557

(U.S. Jan. 10, 2022) (No. 20-8345).  Further, although no aggravated assault charges were filed, Texas "prosecutors have broad discretion in deciding which cases to prosecute." *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (en banc).  Because the PSR contained sufficient indicia of reliability and Taylor failed to present any rebuttal evidence, the district court was entitled to rely on the PSR at sentencing.  *See Zuniga*, 720 F.3d at 591. Accordingly, the district court did not clearly err by applying the enhancement, *see Parkerson*, 984 F.3d at 1130, and the judgment of the district court is AFFIRMED.