# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2022

Lyle W. Cayce
Clerk

No. 22-30062

United States of America,

*Plaintiff—Appellee*,

*versus*

Quinterrius D. Brown,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-159-1

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Quinterrius D. Brown pleaded guilty to illegally receiving a firearm while under indictment, a violation of 18 U.S.C. § 922(n). The district court sentenced Brown to 24 months in prison, an upward variance from the Guidelines' imprisonment range of 12–18 months. On appeal, Brown makes two arguments: (1) that his sentence was *procedurally* unreasonable because

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

it was primarily based on pending charges listed in his presentence report (PSR) that bore insufficient indicia of reliability; and (2) that the sentence was *substantively* unreasonable because the upward variance gave too much weight to his pending charges and too little weight to other sentencing factors.

Because Brown raised his procedural-error claim below, we review the challenge to the procedural reasonableness of his sentence de novo and the district court's factual findings for clear error. *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). We review Brown's substantive-reasonableness claim, which was properly preserved, for abuse of discretion. *See United States v. Zarco-Beiza*, 24 F.4th 477, 480-81 (5th Cir. 2022).

Here, the PSR provided a factual recitation of Brown's conduct that resulted in various pending criminal charges. The facts, drawn from police offense reports, provided the victims' identities, a description of an attempted first-degree murder (in connection with a drive-by shooting), the location of the second-degree murder (committed while awaiting prosecution on the first-degree murder charge), a description of how the victim was killed, and the witnesses' identification of Brown as the individual who shot the victim. Such factual underpinnings provided sufficient indicia of reliability for the district court to have relied on these pending charges during sentencing on the federal firearms charge. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (per curiam). Because Brown offered no testimony or other evidence to rebut the PSR information, the district court could freely adopt the PSR's findings without further inquiry. *See id.* Accordingly, the district court did not commit procedural error by considering the pending charges at sentencing. *See id.*

As for the substantive-reasonableness claim, the district court stated that it applied the variance in light of Brown's criminal history and charges,

his personal characteristics, information in a letter from Brown to the district court about his reason for obtaining the firearm, and his involvement in the instant firearms offense. These are appropriate considerations under 18 U.S.C. § 3553(a), which provides that in sentencing, the district court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). Insofar as Brown argues that the district court gave more weight to the pending charges than to the other § 3553(a) factors, he is requesting that we reweigh § 3553(a), which is outside the scope of our review. *See United States v. Fraga*, 704 F.3d 432, 439-40 (5th Cir. 2013). The district court's decision to give Brown's mitigating circumstances less weight than his criminal history was not an abuse of discretion. *See id.* at 440-41.

      The district court's judgment is AFFIRMED.