# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-11040
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Elijah James Perez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CR-58-1

---

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Elijah James Perez pleaded guilty to distribution and possession with intent to distribute fentanyl resulting in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The parties agreed, under Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of 240 months of imprisonment, the statutory mandatory minimum. The district court rejected the Rule

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

11(c)(1)(C) sentencing provision in the plea agreement, finding that this below-guidelines sentence would be insufficient to satisfy the 18 U.S.C. § 3553(a) factors due to the seriousness of the offense and Perez's criminal and personal history. The parties then reached a second Rule 11(c)(1)(C) sentencing provision agreement of 262 months, at the bottom of the guidelines, but the district court rejected this agreement for the same reasons as the first. Perez decided not to withdraw his guilty plea and to proceed with the sentencing. Perez was subsequently sentenced to 360 months of imprisonment, an upward variance from the guidelines range of 262 to 327 months. On appeal, Perez argues that the court's upward variance was substantively unreasonable.

We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in § 3553(a) and review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49–51 (2007). In reviewing an above-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). An above-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 401 (internal quotation marks and citation omitted). This court's review for substantive reasonableness is "highly deferential" because the district court is in a "superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010) (internal quotation marks and citation omitted). Accordingly, this court "must give due deference to the district court's decision that the § 3553(a)

factors, on [the] whole, justify the extent of the variance." *United States v. Fuentes*, 775 F.3d 213, 221 (5th Cir. 2014) (internal quotation marks and citation omitted).

In this case, the district court's sentence meets the test for substantive reasonableness. First, the district court did take into account the mitigating factors Perez argued should carry significant weight. *See Gerezano-Rosales*, 692 F.3d at 400. It simply concluded that such mitigating factors were outweighed by the aggravating factors. Second, the factors the district court relied on in determining an upward variance were appropriate. *See id.* The district court gave detailed reasons addressing the nature and circumstances of the offense, as well as Perez's history and characteristics. It found that an upward variance would protect the public from future crimes by Perez and promote respect for the law. Third, it cannot be said that the district court made a clear error in judgment in balancing the sentencing factors. *See id.* This court has, in fact, upheld sentences in similar cases with much greater upward variances than the one here. *See, e.g.*, *United States v. Hudgens*, 4 F.4th 352, 358–61 (upholding upward variance from 120 months to 240 months when defendant's drug distribution resulted in overdose death); *Key*, 599 F.3d at 472, 480 (affirming 216-month sentence for intoxication manslaughter when top of guidelines range was 57 months). Thus, this court defers to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance. *See Fuentes*, 775 F.3d at 221.

Lastly, Perez notes as particularly unusual the fact that the district court rejected two Rule 11(c)(1)(C) agreements. However, Perez admits that the district court's rejection of the Rule 11(c)(1)(C) agreements was lawful and that the district court was within its right to do so. Therefore, this circumstance, unusual as it may be, does not alter this court's analysis for substantive reasonableness.

No. 23-11040

AFFIRMED.