# United States Court of Appeals for the Fifth Circuit

---

No. 24-40522
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Diego Flores,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:23-CR-1250-1

---

Before Higginbotham, Jones, and Smith, *Circuit Judges*.

Per Curiam:[*]

Diego Flores pleaded guilty to conspiracy to transport aliens in the United States and was sentenced within the guidelines range to 156 months of imprisonment and three years of supervised release. He challenges the district court's application of three sentencing enhancements.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40522

Because Flores objected to these enhancements in the district court, he preserved the issues for appeal. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). A district court's interpretation and application of the Guidelines is reviewed de novo, and factual findings are reviewed for clear error. *Id.* "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.*

According to Flores, the district court clearly erred in applying a four-level enhancement under U.S.S.G. § 2L1.1(b)(4) for transporting an unaccompanied minor because the information in the presentence report (PSR) did not have sufficient indicia of reliability. The district court did not clearly err in relying on the PSR, which was based on investigative reports of the United States Border Patrol, and the additional immigration reports submitted by the Government. See *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Because the reports established that the minor was traveling unaccompanied to meet his uncle who lived in the United States, the district court did not clearly err in applying the four-level enhancement pursuant to § 2L1.1(b)(4). *See Zuniga*, 720 F.3d at 590.

Flores also argues that the district court erred in applying a four-level enhancement under § 2L1.1(b)(5)(B) for possession of a dangerous weapon because the evidence was insufficient to support it. Because Flores did not present any evidence to rebut the facts in the PSR, the district court was entitled to rely on the PSR to make its sentencing determinations. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Further, the district court was entitled to rely on hearsay evidence without regard to admissibility under the Federal Rules of Evidence which govern a trial. *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002); *see also United States v. Kearby*, 943 F.3d 969, 974 (5th Cir. 2019). Given the statements in the PSR and the witness statements in the Government's exhibits that the conspirators, including Flores, possessed firearms and that the conspirators threatened the aliens by

brandishing their weapons, the district court did not clearly err in imposing the four-level enhancement under § 2L1.1(b)(5)(B). *See United States v. Gutierrez-Mendez*, 752 F.3d 418, 427-29 (5th Cir. 2014); *Zuniga*, 720 F.3d at 590.

Finally, Flores challenges the four-level enhancement under U.S.S.G. § 3B1.1(a) based on the finding that he was an organizer or leader of the offense. Because Flores did not present any rebuttal evidence, the district court was entitled to rely on the information in the PSR. *See Alaniz*, 726 F.3d at 619. The PSR stated that multiple witnesses and coconspirators identified Flores as the boss of the operation and identified more than five participants in the criminal activity. *See United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017); *see also Zuniga*, 720 F.3d at 591. The PSR also provided that Flores had primary decision-making responsibilities at the ranch, hired drivers who drove the trailers though checkpoints, and participated in all aspects of the conspiracy. Given this evidence, the district court did not clearly err in applying the § 3B1.1(a) enhancement based on its finding that he was a leader or organizer of the conspiracy that involved five or more participants. *See United States v. Guzman-Reyes*, 853 F.3d 260, 265-66 (5th Cir. 2017); *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011); *see United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

AFFIRMED.