# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

No. 25-20047
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CALEB PICKENS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-72-1

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Caleb Pickens on four counts of completed Hobbs Act robbery, four counts of brandishing a firearm in relation to those counts, and one count of attempted Hobbs Act Robbery. The district court imposed a total sentence of 722 months in prison and five years of supervised release. Pickens now appeals.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20047

As to the sufficiency of the evidence for the robbery convictions, we are unpersuaded by Pickens's reliance on *United States v. Mann*, 493 F.3d 484 (5th Cir. 2007), and *United States v. Box*, 50 F.3d 345 (5th Cir. 1995), because those cases concerned individual victims, not business victims. *See United States v. Collins*, 40 F.3d 95, 99-100 (5th Cir. 1994). Here, the Government adduced evidence that Pickens stole cash, or attempted to do so, from McDonald's restaurants and that these restaurants bought and sold goods from out of state. *See United States v. Hebert*, 131 F.3d 514, 523-24 (5th Cir. 1997); *see also United States v. Jennings*, 195 F.3d 795, 800 (5th Cir. 1999). Because we hold that there is sufficient evidence to sustain his robbery convictions, we reject Pickens's contention that the firearm convictions must be reversed because they are predicated on the robbery counts.

Next, we review Pickens's challenge to the obstruction of justice enhancement, U.S.S.G. § 3C1.1, for plain error, as his objection in the district court did not concern his mens rea. *See United States v. Huerta*, 182 F.3d 361, 365-66 (5th Cir. 1999). Because the district court adopted the presentence report, which expressly found that Pickens's conduct was willful, we reject his contention that the district court failed to make a finding of intent *See United States v. Ajayi*, 64 F.4th 243, 251 (5th Cir. 2023). Moreover, we do not find any clear or obvious error in the application of the enhancement to the circumstances here, given that Pickens's courtroom outburst was directed at a government witness who could have potentially testified at sentencing. *See* U.S.S.G. § 3C1.1 & comment. (n.4(A)). His behavior during the outburst also escalated as it went on, so we are unpersuaded by his contention that his concededly "disruptive and assaultive conduct" was merely a spontaneous reaction that reflects panic. *See United States v. Mendoza-Gomez*, 69 F.4th 273, 277-78 (5th Cir. 2023).

Regarding the sentence's reasonableness, we first conclude that the district court did not err in considering the allegations of uncharged

2

robberies: those allegations are contained in a presentence report that includes the facts underlying those incidents and is based on police reports prepared during the investigation of this case. *See United States v. Fuentes*, 775 F.3d 213, 218-20 (5th Cir. 2014); *see also United States v. Soza*, 874 F.3d 884, 897 (5th Cir. 2017). And the court here did not disregard the guidelines range; it considered that range but found that an upward variance was warranted based on other permissible sentencing factors. *See United States v. Cortez-Balderas*, 74 F.4th 786, 788 (5th Cir. 2023). In short, Pickens has not shown that his sentence is unreasonable.

For the foregoing reasons, the judgment of the district court is AFFIRMED.