## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11777
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TINA CAROL ORTEGA,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-95-2

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Tina Carol Ortega challenges the above-Guidelines sentence imposed after she pleaded guilty to possession of stolen mail, in violation of 18 U.S.C. § 1708. Her presentence investigation report (PSR) calculated an advisory Guidelines range of 18 to 24 months' imprisonment, but the court varied upward and imposed a non-Guidelines sentence of 40 months' imprisonment, based on its finding Ortega had continued to offend despite the lenient

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11777

punishment she had received throughout her extensive criminal history. Ortega contests the procedural and substantive reasonableness of her sentence, contending the facts did not warrant an "upward departure" and the court erroneously found her prior sentences were lenient.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Our "court recognizes three types of sentences: (1) a sentence within a properly calculated Guidelines range; (2) a sentence that includes an upward or downward departure as allowed by the Guidelines; and (3) a non-Guideline[s] sentence or a variance that is outside of the relevant Guidelines range". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). The court stated Ortega's sentence was "outside the advisory . . . [G]uideline[s] system" and an "upward variance", rather than a "departure". Therefore, the court was not required to consider whether a departure was allowed by the Guidelines, and Ortega's contentions regarding the availability of a departure are misplaced. *E.g.*, *United States v. Gutierrez*, 635 F.3d 148, 152 (5th Cir. 2011) (court "not required to employ the methodology set forth in [Guideline] § 4A1.3 before imposing a non-Guidelines sentence").

No. 16-11777

Ortega also contends the court based her sentence on unreliable factual findings, but she has not shown the requisite clear error. The court permissibly relied on the unrebutted PSR when it assessed Ortega's criminal history. *E.g.*, *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (court may rely on unrebutted information in a PSR based on the results of a police investigation). Furthermore, the court's characterization of Ortega's prior sentences as lenient was plausible in the light of the description of the underlying offenses in the PSR. *See United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015), *cert. denied* 137 S. Ct. 37 (2016) (internal quotation marks and citation omitted). Accordingly, Ortega has not shown the court committed procedural error.

For her challenge to the substantive reasonableness of her sentence, Ortega fails to demonstrate it represents a clear error of judgment in balancing the sentencing factors. *E.g.*, *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (review is "highly deferential"). The court could properly consider Ortega's pattern of recidivism notwithstanding her prior lenient sentences. *E.g.*, *Brantley*, 537 F.3d at 350. The court expressed concern that Ortega's criminal activity, which began at age 18, "resulted in ten convictions in the past eight years and has escalated to offenses involving numerous victims". On the whole, the court explained the 40-month sentence was necessary in the light of "the history and characteristics of the defendant, the nature and circumstances of the offense, and the seriousness of the offense" and "to promote respect for the law; and to protect the public from further crimes by the defendant". Accordingly, Ortega fails to demonstrate her sentence was substantively unreasonable. *Id.*

AFFIRMED.