# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2021

Lyle W. Cayce
Clerk

No. 20-50844
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OLVYN ABILO BERRIOS-OSORTO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-290-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Olvyn Abilo Berrios-Osorto pleaded guilty to conspiracy to transport illegal aliens. The district court sentenced him within the guidelines range to 48 months of imprisonment. Berrios-Osorto appeals his sentence.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50844

Berrios-Osorto challenges the assessment of a four-level enhancement under U.S.S.G. § 3B1.1 for being an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. He argues that the district court did not find and indicate on the record that there were sufficient facts warranting the adjustment. Because he failed to object on this basis in the district court, we apply plain-error review. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015); *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

The presentence report (PSR) detailed that Berrios-Osorto occupied a supervisory role in an alien-smuggling conspiracy, recruited and organized the smuggling ventures of at least one other person in the conspiracy, and had decision-making authority and control. *See* § 3B1.1, comment. (n.4); *United States v. Guzman-Reyes*, 853 F.3d 260, 265-66 (5th Cir. 2017). The PSR also stated that there were five participants in the criminal activity and identified the participants and their roles. The district court could determine that the unchallenged facts in the PSR—which were based on a police investigation and were not shown to be materially untrue, inaccurate, or unreliable—were sufficient to support the adjustment. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). By adopting the PSR, the district court made the necessary findings and provided an adequate factual basis for the adjustment. *See United States v. Gallardo-Trapero*, 185 F.3d 307, 323-24 (5th Cir. 1999); *cf. Guzman-Reyes*, 853 F.3d at 266. Thus, Barrios-Osorto has not shown clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Barrios-Osorto also argues that the sentence imposed is substantively unreasonable. He maintains that the sentence was greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a) and did not account for his personal history and characteristics and his relatively minor criminal history. He preserved his challenge to the substantive reasonableness of the sentence,

*see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020), and we thus review for abuse of discretion, *see United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010).

The district court made an individualized assessment, in light of the facts and circumstances of the case, and determined that a within-guidelines sentence adequately accounted for the § 3553(a) factors. The district court was in a superior position to find facts and to assess their importance under § 3553(a), and this court will not reweigh the district court's evaluation of the § 3553(a) factors or their relative significance. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). Berrios-Osorto has not rebutted the presumption that his within-guidelines sentence is reasonable by showing that the district court did "not account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or committed "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His request that we reconsider the district court's sentencing decision and its weighing of the sentencing factors merely reflects his disagreement with his sentence, which does not rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.