# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-50418
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James Sonny Alaniz,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-359-1

————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

James Sonny Alaniz pleaded guilty to one count of conspiracy to possess 50 grams or more of methamphetamine actual with intent to distribute. While his advisory guidelines range was 130 to 162 months of imprisonment, the district court decided to impose an upward departure

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50418

pursuant to U.S.S.G. § 4A1.3(a)(1) and sentenced Alaniz to 200 months of imprisonment, followed by five years of supervised release. On appeal, Alaniz challenges the procedural and substantive reasonableness of his sentence.

Section 4A1.3 provides for an upward departure if the defendant's "criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). When a district court determines that a departure from Category VI is warranted, it should move "incrementally down the sentencing table to the next higher offense level in Criminal History Category VI" to reach an appropriate guidelines range. § 4A1.3(a)(4)(B). In this case, although the district court did not expressly state that it considered each step or provide reasons for rejecting each step in departing upward, it was not required to do so, and its reasoning implicitly established the rationale for rejecting the intervening levels. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). Therefore, Alaniz has not demonstrated an error, plain or otherwise, as to the procedural soundness of his sentence. *See id.* at 347; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009).

As to substantive reasonableness, the district court properly considered the 18 U.S.C. § 3553(a) factors and the facts of the case in determining that an upward departure was warranted. *See Zuniga-Peralta*, 442 F.3d at 347. The district court's reasons addressed Alaniz's history and characteristics and the need to deter Alaniz from future criminal conduct. *See* § 3553(a)(1)-(2); *Zuniga-Peralta*, 442 F.3d at 347. Alaniz contends that the district court failed to consider his serious medical conditions and the unlikelihood of his recidivism, but nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in

2

No. 22-50418

balancing the sentencing factors. *See United States v. Fuentes*, 775 F.3d 213, 221 (5th Cir. 2014). We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the departure and justify the extent of the upward departure imposed. *See id.*

Given the foregoing, the judgment of the district court is AFFIRMED.