# United States Court of Appeals for the Fifth Circuit

---

No. 22-11128
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANIEL VARGAS-HERNANDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-161-1

---

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

For his guilty-plea conviction, Daniel Vargas-Hernandez challenges his 72-months' prison sentence for illegal reentry following removal, in violation of 8 U.S.C. § 1326(a), (b)(2). He maintains: the information in the presentence investigation report (PSR) concerning his gang affiliation was unreliable; and his sentence is unconstitutional because it is based on facts

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The information in the PSR regarding his gang affiliation was obtained through an investigation by law enforcement and immigration agents, which is generally considered reliable. *E.g.*, *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (explaining PSR based on result of police investigation is sufficiently reliable). Absent rebuttal evidence showing the information in the immigration investigative report was "materially untrue, inaccurate or unreliable", Vargas fails to demonstrate the court clearly erred in its reliance on the information in the PSR. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citation omitted).

Additionally, Vargas challenges the enhancement of his sentence pursuant to § 1326(b), for his having sustained a qualifying conviction prior to his removal. He contends his sentence exceeds the statutory maximum and is therefore unconstitutional because it was enhanced based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although he correctly concedes his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (ruling that prior

No. 22-11128

aggravating-felony conviction is sentencing factor court can determine), he presents the issue to preserve it for possible further review. (Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *E.g.*, *United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019) (discussing precedent preserving *Almendarez-Torres*).)

AFFIRMED.