# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2024

Lyle W. Cayce
Clerk

No. 23-50469
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Eleacer Huerta, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-282-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Eleacer Huerta, Jr., appeals the 360-month sentence of imprisonment imposed following his guilty plea conviction for two counts of possession of a firearm by a convicted felon and one count of possession with intent to distribute 50 grams or more of actual methamphetamine. He argues that the district court committed a procedural error when applying an upward

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

departure and that the imposed sentence was substantively unreasonable. Although he also contends that the armed career criminal sentencing enhancement violated his constitutional rights because the facts establishing that he committed the predicate offenses were not charged in the indictment and admitted by him or proved beyond a reasonable doubt, he correctly concedes that this challenge is foreclosed by *United States v. Valencia*, 66 F.4th 1032, 1033 (5th Cir. 2023), *petition for cert. filed* (U.S. Sept. 12, 2023) (No. 23-5606).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). In conducting this review, we must "first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentencing court did not commit procedural error, we apply an abuse of discretion standard to determine if the sentence is substantively reasonable. *Id.*

As Huerta did not raise his procedural challenge to the upward departure in district court, plain-error review applies. Under that standard, Huerta must first show an error that is clear or obvious–rather than subject to reasonable dispute–and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

In this case, Huerta's criminal history category was VI and his total offense level was 34, resulting in an advisory guideline range of imprisonment of 262 to 327 months. The district court determined that an upward departure was warranted under U.S.S.G. § 4A1.3(a)(4)(B) because Huerta's

criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he will commit other crimes. On appeal, Huerta first argues that the district court erred by failing to follow the proper § 4A1.3 methodology by moving incrementally down the sentencing table to the next total offense level and state for the record that it had considered each intermediate offense level before reaching the appropriate range. However, the next incremental step down the sentencing table to a total offense level of 35 results in an advisory range of 292 to 365 months of imprisonment, which encompasses the 360-month term of imprisonment imposed on Huerta. Because this would follow the proper § 4A1.3 methodology and involve no intermediate offense levels, Huerta's challenge fails because he cannot show clear error in this regard. *See Puckett*, 556 U.S. at 135. In any event, "it is well settled that a district court does not need to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects, and that the court's reasons for rejecting intermediate categories will be quite apparent in its stated reasons for departure." *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006) (internal quotation marks and citation omitted).

Huerta next argues that the district court erred under § 4A1.3(c)(1) by failing to provide specific reasons in writing as to why the upward departure was justified. However, the district court's reasoning for the upward departure under § 4A1.3(a)(4)(B) was sufficiently evident in light of the adopted PSR and its statements at sentencing. *See Zuniga-Peralta*, 442 F.3d at 347. Moreover, contrary to Huerta's assertions, the sentencing court referenced the nature of his criminal history several times and did not focus solely on the number of his prior convictions. *See* § 4A1.3, comment. (n.2(B)).

No. 23-50469

Huerta's challenge to the substantive reasonableness of his sentence was preserved for appeal by defense counsel's request for a within-guidelines sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). In this case, the district court properly considered the relevant 18 U.S.C. § 3553(a) factors and the facts of the case in determining that an upward departure was warranted. Because nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors, Huerta has failed to establish an abuse of discretion. *See United States v. Fuentes*, 775 F.3d 213, 221 (5th Cir. 2014).

Accordingly, the district court's judgment is AFFIRMED.