# United States Court of Appeals for the Fifth Circuit

---

No. 23-10479
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gustavo Adolfo Ramirez-Leos,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-294-1

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Gustavo Adolfo Ramirez-Leos appeals the 60-month, above-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He argues that the sentence is substantively unreasonable because: (1) the district court failed to adequately weigh the fact that his prior felony assaults causing bodily injury were reduced to misdemeanors; (2) those

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense reductions suggest that the factual account of those assaults provided in the presentence report (PSR) might not have been accurate; and (3) the district court gave insufficient weight to the guidelines range.

"This court reviews a properly preserved claim of substantive unreasonableness for abuse of discretion." *United States v. Zarco-Beiza*, 24 F.4th 477, 480-81 (5th Cir. 2022). By arguing that an upward variance was unwarranted, Ramirez-Leos preserved his claim that a sentence longer than the guidelines range is substantively unreasonable. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Likewise, he preserved his claim that the district court gave insufficient weight to the fact that his prior assaults had been reduced to misdemeanors by bringing those reductions to the court's attention. *See Zarco-Beiza*, 24 F.4th at 481. As for his argument that the reductions suggest that the PSR's description of the assaults may have been incorrect, we need not determine whether he preserved that claim because he cannot prevail even under the abuse of discretion standard. *United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

When reviewing a non-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the sentencing factors in 18 U.S.C. § 3553(a) support the sentence. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012). We "give due deference to the district court's decision that the § 3553(a) factors, on [the] whole, justify the extent of the variance." *Id.* at 401 (internal quotation marks and citation omitted).

In this case, the district court made an individualized assessment and concluded that the guidelines range did not adequately take into account certain of the § 3553(a) factors. In reaching that determination, the district court noted that Ramirez-Leos had been formally removed from this country

on three occasions and had voluntarily departed on another three occasions. In addition, the district court highlighted Ramirez-Leos's prior violence against women, specifically his sister and his pregnant girlfriend. The district court also considered his other criminal history as well, which included burglary, theft, stealing a car, and evading arrest.

Although the district court did acknowledge that Ramirez-Leos's assaults against his sister and his pregnant girlfriend had been reduced to misdemeanors, the court emphasized the violent nature of those offenses. Notably, the district court's understanding was based on the factual accounts of the assaults provided in the PSR, which were sufficiently reliable because they were based on the results of a police investigation and supported by interviews with the victims. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Because Ramirez-Leos did not offer any testimony or other evidence to rebut those factual recitations in the PSR, the district court was entitled to rely on them without further inquiry. *See id.*

In addition, contrary to Ramirez-Leos's assertions, even though the guidelines range had already taken his criminal history into account, "giving extra weight to circumstances already incorporated in the guidelines . . . is within the discretion" of the district court. *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). In light of the district court's assessment of Ramirez-Leos's criminal history, the district court was free to conclude that the guidelines range gave insufficient weight to the need for deterrence and to protect the public, and other § 3553(a) factors. *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008).

In short, Ramirez-Leos's arguments ultimately boil down to a disagreement with how the district court weighed the statutory sentencing factors. However, the "argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v.*

No. 23-10479

*Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  Moreover, although the 60-month sentence imposed here was 33 months longer than the 27 months at the top of his revised guidelines range, this court has affirmed similar variances.  *See, e.g., United States v. Smith*, 440 F.3d 704, 705-06 (5th Cir. 2006) (affirming 60-month sentence when top of the guidelines range was 27 months).

The judgment of the district court is AFFIRMED.