# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30679
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYDARRIEN T. PORTER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-277-1

———————————————————————

Before JOLLY, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Tydarrien T. Porter pleaded guilty to illegal possession of a machine gun in violation of 18 U.S.C. 922(o). The district court sentenced him to 84 months in prison to be followed by a three-year term of supervised release. Porter argues that the 84-month sentence was substantively unreasonable.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30679

We review sentences for reasonableness under a bifurcated review. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court "must first ensure that the district court committed no significant procedural error" and then will consider the substantive reasonableness of the sentence. *Id*. Porter does not assert any procedural error. A sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (internal quotation marks and citation omitted).

Porter argues that the district court's reliance on the nature of the weapon rendered the sentence unreasonable because the nature of the machine gun was accounted for by the Guidelines. This, however, is permissible in determining whether an upward variance is appropriate. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 809-11 (5th Cir. 2008). The district court also found that Porter had a history with dangerous weapons and no respect for the law, pointing to Porter's other criminal conduct including domestic violence and illegal use of weapons. Porter does not argue that these facts are materially untrue, inaccurate, or unreliable. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Porter's disagreement with the district court's assessment of the factors and selected sentence does not show that his sentence is substantively unreasonable. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011).

AFFIRMED.