# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2025

Lyle W. Cayce
Clerk

No. 24-50859
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rosio Elizabeth Jimenez-Maciel,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-541-1

_____

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Rosio Elizabeth Jimenez-Maciel challenges her within-Guidelines 27-months' sentence, imposed following her guilty-plea conviction for transporting for financial gain aliens unlawfully present in the United States, and conspiracy to do the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (B)(i). In doing so, she contests only the district court's

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

application of a four-level enhancement to her base offense level under Sentencing Guideline § 2L1.1(b)(4) based on the transportation of an unaccompanied minor. Her claim lacks merit.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). (We need not resolve the standard-of-review question because Jimenez' contention fails under the less-deferential standard. *E.g.*, *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008) (declining to determine appropriate standard of review where defendant's contention failed "under any standard").)

Guideline § 2L1.1(b)(4) provides for a four-level increase to defendant's base offense level "[i]f the offense involved the smuggling, transporting, or harboring of a minor who was unaccompanied by the minor's parent, adult relative, or legal guardian". U.S.S.G. § 2L1.1(b)(4). When making factual findings, as in this instance, and which are reviewed for clear error, a district court may adopt the facts contained in the presentence investigation report (PSR) without further inquiry if defendant does not present rebuttal evidence demonstrating "that the information is materially untrue, inaccurate or unreliable". *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002) (citation omitted).

No. 24-50859

Jimenez presented no evidence to rebut the findings in the PSR, and she points to nothing in the record to support her contention that the findings are materially unreliable or untrue. *See id.* Accordingly, the court was entitled to adopt the PSR and rely on its proposed facts without further inquiry. *E.g.*, *United States v. Harris*, 702 F.3d 226, 230–31 (5th Cir. 2012); *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010) (written objections to PSR are not evidence; they are merely unsworn assertions).

The adopted findings in the PSR were based on information provided by the Government, including an investigative report, confirming that one of the individuals found in Jimenez' vehicle was an unaccompanied illegal alien and a minor. Moreover, a United States Border Patrol agent verified "that the minor was in fact an undocumented minor". These findings support the court's determination that Jimenez' offense involved an unaccompanied minor. *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). The court did not clearly err. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014); *Trujillo*, 502 F.3d at 357.

AFFIRMED.